LOCK'S CREEK CANAL COMPANY v. A. A. McKEITHAN and others.

*Practice—Report of Commissioner or Referee.*

The report of the commissioners appointed in pursuance of the act of 1879, ch. 149, assessing persons for benefits accruing to their lands from the operations of the plaintiff canal company, should have been confirmed by the court, as to those defendants who did not object; but as to those who did, the court should have proceeded to try the issues involved in the controversy. The case is not presented in such manner as to enable this court to pass upon the merits.

APPEAL from an order made at Fall Term, 1882, of CUMBERLAND Superior Court, by *Gilmer, J.*

The plaintiff corporation was authorized by statute (acts of 1879, ch. 149), to commence and prosecute in the superior court of Cumberland county, a special proceeding for the purpose of equalizing the benefits accrued and accruing to the persons owning lands so situated as to be enhanced in value by reason of the work done, or to be done by said corporation, in pursuance of its chartered privileges. This act, after prescribing what the complaint in such proceeding should contain, further provides, that "the said court shall appoint five disinterested freeholders, or commissioners, who, after being duly sworn, shall view the lands already enhanced in value by said canal or its tributaries," &c.

The superior court of Cumberland county duly appointed such commissioners, and after examination they made their report to that court, as the statute directed.

The plaintiff then moved before the court for the confirmation of this report and for judgment accordingly as the statute allowed in that respect, except as to such of the parties to the proceeding as objected to the confirmation, and as to them, that the case be transferred to the civil trial docket of the court, to be there tried before the judge and jury.

The court refused to grant the motion, or any part thereof; and from this order, the plaintiff appealed to the court in term time. Before the judge in term, the plaintiff moved for the confirmation of the report of the commissioners and for judgment thereon as allowed by the statute. The judge declined to grant the motion and entered this judgment: "After hearing argument of counsel, the court adjudges that there is no error. Judgment of the clerk affirmed, and this cause is remanded to the probate court."

From this order the plaintiff appeals to this court.

*Mr. W. A. Guthrie*, for plaintiff.
*Mr. R. P. Buxton*, for defendants.

MERRIMON, J., after stating the above. No case was settled for this court upon appeal, nor do we find exceptions to any rulings of the court specified or errors assigned in the record. So we are left to survey the whole matter " without chart or compass," and we find it in a very confused and unsettled condition.

The counsel for the plaintiff insists, that the court ought to have granted the motion to confirm the report and for judgment as to such of the defendants as did not object to its confirmation, and that it ought then to have proceeded to try any issues of fact and law arising upon the whole proceeding between the plaintiff and the defendants objecting to the confirmation of the report. In that the court refused to do this, he insists there was error, and has confined his principal argument to a support of this exception, on the part of the plaintiff, to the action of the court.

On the other hand, the counsel for the objecting defendants contended, in an able argument, that the statute mentioned and other statutes of which it is amendatory are unconstitutional and void; and in addition he has suggested many respects, in which he alleges that the report of the commissioners is defective and imperfect towards some, and oppressive towards others of the objecting defendants.

CANAL CO. v. McKEITHAN.

The case is not in condition to be heard upon the merits as presented by the objecting defendants. There are issues of fact, and perhaps inquiries that the court may have to make by reference or surveys, that must be disposed of before we can properly decide a variety of questions discussed by the defendants' counsel. The case is not before us upon a demurrer.

There are many issues, some of them important, that must be settled before we can pass upon the questions of law presented by them as they may be found, one way or another. In the unsettled condition of the case, we do not feel at liberty to decide the grave constitutional questions raised by the defendants' counsel. Indeed, these or some of them, may or may not arise accordingly as the issues of fact shall be settled.

We think it was the duty of the court, in the first instance, to confirm the report of the commissioners and enter a proper judgment, except as to those of the defendants who objected thereto, and to let such as objected appeal to the regular term of the court, to the end, the questions of fact and law arising in the "proceeding" might, in the language of the statute cited, "be tried before a judge and a jury according to the course and practice of the superior court."

The statute provides "that the said commissioners shall, as soon as practicable, make a written report of their proceedings to the superior court of the county of Cumberland, and the same *shall be confirmed* by the court unless good cause be shown to the contrary, and thereupon said court shall file said reports and enter up judgment severally against each of the parties benefited, as assessed, for such sums as may be charged in said report and assessed against them respectively, giving credit to each for all payments heretofore made by him to said company since the commencement of said work."

Numerous persons of those assessed by the report did not object to a confirmation of it. The court instead of obeying the plain command of the statute, made the order denying the motion to confirm the report. We cannot see any reason for

such denial. If the court deemed the statute unconstitutional and void and was willing to take the responsibility of so adjudicating, this objection did not stand in the way, as to those who did not object. The judge, in term, likewise denied the motion to confirm the report, and held that there was no error in denying it, in the first instance, and affirmed the order in that respect.

In this there was error. The court ought to have reversed the order made out of term, confirmed the report and given judgment as to those who did not object; and as to those who did object, it ought to have proceeded to try the case upon its merits, "according to the course and practice of the superior court." This done, all questions, constitutional and those of a different nature, will be clearly and fairly presented for adjudication, if such shall arise.

The judgment must be reversed, and it is so ordered. Let this be certified.

Error.                                              Reversed.